N0. 26-30203

UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

THE STATE OF LOUISIANA,
BY AND THROUGH ITS ATTORNEY GENERAL,
LIZ MURRILL, AND ROSALIE MARKEZICH

*Plaintiffs-Appellants/Cross-Appellee*,

v.

U.S. FOOD AND DRUG ADMINISTRATION, *ET AL*.

*Defendants-Appellees*

DANCO LABORATORIES, L.L.C.; GENBIOPRO, INC.,

*Intervenors-Appellees/Cross-Appellants*.

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
NO. 6:25-CV-01491, HON. DAVID C. JOSEPH

**BRIEF FOR AMICUS CURIAE
OF WOMEN AND FAMILIES HARMED BY MIFEPRISTONE AND FORMER ABORTION
PROVIDER AS AMICI CURIAE IN SUPPORT OF PLAINTIFFS-APPELLANTS**

LINDA BOSTON SCHLUETER
*Counsel for Amici Curiae*
TRINITY LEGAL CENTER
1150 N, Loop 1604 W., Suite 108-208
San Antonio, Texas 78248
210-274-5274
TLC4Linda@aol.com

## MOTION FOR LEAVE TO FILE
### BRIEF OF AMICUS CURIAE
### OF WOMEN AND FAMILIES HARMED BY MIFEPRISTONE
### AND FORMER ABORTION PROVIDERS
### IN SUPPORT OF PLAINTIFFS-APPELLANTS

Trinity Legal Center seeks leave to file the accompanying Brief of *Amicus Curiae* (attached as Exhibit 1) in support of Plaintiffs-Appellants. A proposed order is attached as Exhibit 2. All parties have consented to filing except Intervenor Danco who does not oppose the filing of this brief.

While this Court has no local rules about filing amicus briefs, the Fifth Circuit has ruled that courts "enjoy broad discretion to grant or deny leave to amici."[1] The Fifth Circuit only requires parties to state their interest in the case, coupled with "the reason why an amicus brief is desirable and why the maters asserted are relevant to the disposition of the case."[2] Given this minimal threshold, this Court has granted motions for leave to file amicus briefs for many parties in the past.[3]

The following persons and entities listed below in accordance with Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this Court may evaluate possible disqualification or recusal. The Amici Curiae are: Trinity Legal Center, Leslie Wolbert, Tammi Morris, Carol Everett, and Monty Patterson, father of Holly Patterson.

---

[1] *Lefebure v. D'Aquilla*, 15 F.4th 670, 673 (5th Cir. 2021); *Richardson v. Flores*, 979 F.3d 1102, 1106 (5th Cir. 2020).
[2] *Lefebure*, 15 F.4th at 673 (quoting FED. R. APP. P. 29(a)(3).
[3] *See, e.g., Pegasus Equine Guardian Ass'n v. U.S. Army*, 2018 WL 2745985, *1 (W.D. La. Jun. 7, 2018); *McKinney ex rel. N.L.R.B. v. Carey Salt Co.*, 2011 WL 1898923, *1 (May 18, 2011); *Parm v. Shumate*, 2006 WL 1228846, *1 (W.D. La. May 1, 2006); *Pel-Star Energy, Inc. v. U.S. Dep't of Energy*, 890 F. Supp. 532, 535–36 (W.D. La. 1995).

Trinity Legal Center is a nonprofit, public interest foundation to help women hurt by abortion and to protect minors. Over the years, we have filed amicus briefs in the United States Supreme Court and provided testimony at state legislatures on Mifepristone and other abortion issues.

The women Amici who have taken Mifepristone, their families, and former abortion provider have personal knowledge as to how Mifepristone negatively affects women both physically and psychologically. The women Amici attest that they were not given accurate and truthful information about the risks of Mifepristone. Their interest is that other women are not misled as they were and to spare other women and families the grief and pain associated with this dangerous drug. The Amici are Carol Everett (Texas) who had an abortion and was also an abortion provider; Tammi Morris (Pennsylvania) who took Mifepristone; Monty Patterson, whose daughter Holly Patterson (California) died after taking Mifepristone; and, Leslie Wolbert (New York) who took Mifepristone.

Of particular concern of the Amici is the lack of appropriate safeguard and warnings by the FDA of the risks and dangers of Mifepristone. Because the FDA did not appropriately review and evaluate the data and scientific studies, it failed to provide adequate warnings. As a result of this willful blindness, women and families such as Amici have been hurt by the drug because they did not have accurate and

truthful information to make an informed decision. Also of concern is that Mifepristone by mail can be even more dangerous without medical supervision.

Their affidavits demonstrate what these women and families experience and their testimony is heartbreaking. In a similar case, their affidavits were submitted to the United States Supreme Court. Each Amici asks that this Court consider their affidavits and have consented to filing in this case. Their testimony remains the same and nothing has changed.

Amici urge this Court to require the FDA to provide and enforce better safeguards and to uphold Louisiana's ban on Mifepristone by mail because it protects women.

Thus, Amici respectfully asks that this Court grant its motion for leave to file its *amicus* brief.

Respectfully submitted this 18th day of June, 2026.

*/s/ Linda Boston Schlueter*
LINDA BOSTON SCHLUETER
Texas Bar No. 24000127
Member, Fifth Circuit Bar
Trinity Legal Center
1150 N. Loop 1604 W., Suite 108-208
San Antonio, TX 78248
210-274-5274
TLC4Linda@aol.com

*Attorney for Amicus Curiae*

### CERTIFICATE OF SERVICE

I hereby certify that on the 18th day of June, 2026, I filed a true and accurate copy of the foregoing document with the Clerk of Court using the CM/ECF system, which automatically sends an electronic notification to all attorneys of record:

Respectfully submitted on this the 18th day of June, 2026.

*/s/ Linda Boston Schlueter*
LINDA BOSTON SCHLUETER
*Attorney for Amicus Curiae*

5