No. 26-30203

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

THE STATE OF LOUISIANA, by and through its Attorney General LIZ MURRILL, and ROSALIE MARKEZICH,

*Plaintiffs-Appellants/Cross-Appellees*,

*v.*

U.S. FOOD AND DRUG ADMINISTRATION, *et al.*,

*Defendants-Appellees*,

GENBIOPRO, INC.; DANCO LABORATORIES, L.L.C.,

*Intervenor-Defendants-Appellees/Cross-Appellants,*

On Appeal from the United States District Court
for the Western District of Louisiana
No. 6:25-cv-01491 (Hon. David C. Joseph)

## GENBIOPRO, INC.'S OPPOSITION TO
## APPELLANTS' MOTION TO
## EXPEDITE ORAL ARGUMENT

Skye L. Perryman
Carrie Y. Flaxman
Lisa Newman
DEMOCRACY FORWARD
  FOUNDATION
P.O. Box 34553
Washington, D.C. 20043
(202) 448-9090

John P. Elwood
Daphne O'Connor
Robert J. Katerberg
ARNOLD & PORTER
  KAYE SCHOLER LLP
601 Massachusetts Ave., N.W.
Washington, D.C. 20001
(202) 942-5000

John Adcock
ADCOCK LAW LLC
Louisiana Bar No. 30372
8131 Oak Street, Ste. 100
New Orleans, LA 70118
(504) 233-3125

*Counsel for Intervenor-Defendant-Appellee/Cross-Appellant GenBioPro, Inc.*

Intervenor-Defendant-Appellee and Cross-Appellant GenBioPro, Inc. respectfully opposes Appellants' motion to expedite oral argument in this appeal. This Court routinely hears cases of extraordinary significance to the parties and the public. Appellants offer no reason to justify expediting this case over those many others, and proceeding on a regular schedule would more than suffice to protect Appellants' interests.

Appellants identify no exigency requiring argument during the Court's August 31–September 3 sitting, or indeed on any other specially expedited calendar. To the contrary, Appellants' conduct throughout this litigation belies any entitlement to priority in judicial resources. Louisiana waited nearly three years after FDA adopted the 2023 REMS, more than four years after FDA first stopped enforcing the in-person dispensing requirement, and 72 more days after filing suit before seeking preliminary relief in the district court. This appeal itself has been pending for two months. It has also been over a month since the Supreme Court stayed an order of this Court that would have granted preliminary relief during the pendency of this appeal. *See* Order, *GenBioPro, Inc. v. Louisiana*, No. 25A1208 (U.S. May 14, 2026).

Had there been some genuine need to accelerate this appeal, Appellants could have sought expedition at any point after the appeal commenced. Instead, they waited until they filed their opening brief. This Court has numerous other argument dates on a frequent cadence in the coming months that would enable prompt

1

resolution of this appeal.[1] Rather than identify any genuine exigency, Appellants seek priority treatment based on the same alleged injuries that underlie their merits position. Their sole asserted basis for expedition is "the irreparable harm the State faces every day that the challenged 2023 REMS remains in place." Mot. at 1. But that harm is not cognizable under Article III, let alone irreparable. Notably, in recent motion practice before the Supreme Court that led to that Court staying this Court's order granting preliminary relief pending appeal, Appellants invoked the very same injuries they now invoke to support expedition here: "undermining its laws" and "causing it to spend Medicaid funds." Opp. to Apps. for Stay or Vacatur at 17-18, 20-38, 48, *GenBioPro, Inc. v. Louisiana*, No. 25A1208 (U.S. May 7, 2026).

The Supreme Court nonetheless stayed this Court's order, further undermining Appellants' claim that those injuries warrant special expedition here. In fact, the Supreme Court's stay applies not only for the duration of this appeal, but also continues past this Court's judgment until "disposition of a petition for a writ of certiorari, if such a writ is timely sought," and, "[i]n the event certiorari is granted," until "sending down of the judgment of th[e] Court." Order, No. 25A1208, *supra*. Thus, it is far from clear that the precise timing of oral argument in this Court

---

[1] *See 2025-2026 Court Term (July 1-June 30) Oral Argument Dates & Locations*, United States Court of Appeals Fifth Circuit Office of the Clerk, https://www.ca5.uscourts.gov/docs/default-source/default-document-library/courtweek-schedule.pdf.

would have any practical effect on when the Supreme Court's stay would ultimately expire and any relief granted by this Court might become effective.

Appellants' proposed schedule also ignores that this case involves cross-appeals. *See* Dkts. 127, 138. Although Appellants state that they will file a reply brief in support of their own appeal by July 29, Federal Rule of Appellate Procedure 28.1(f)(4) gives GenBioPro and Danco until August 19 to file reply briefs in support of their cross-appeals. That date is just twelve days before the sitting during which Appellants seek oral argument.

Regardless of whether the Court grants Appellants' motion, GenBioPro respectfully requests clarification of the deadline for its combined answering brief and opening brief in support of its cross-appeal. Appellants' motion states that GenBioPro's and Danco's briefs are due July 22 because they are Intervenor-Defendants, apparently based on this Court's Rule 31.2, which provides that "[t]he time for filing the brief of the intervenor or amicus is extended until 7 days after the filing of the principal brief of the party supported by the intervenor or amicus." GenBioPro agrees with that reading, which would have the added benefit of promoting efficiency and avoiding duplication by allowing Intervenor-Defendant-Appellees to review the Federal Appellees' brief before finalizing their own. Because Rule 31.2 is not absolutely clear about whether "intervenor" in that rule includes parties who, like GenBioPro, had already intervened in the district court (as

3

opposed to parties who intervene on appeal), for the avoidance of doubt GenBioPro requests that the Court issue a briefing schedule specifying dates certain, including July 22 for Intervenor-Defendant-Appellees' briefs.

## CONCLUSION

The Court should deny Appellants' motion to expedite oral argument. Regardless of whether the Court expedites oral argument, GenBioPro respectfully requests that the Court issue a briefing schedule specifying dates certain, including July 22 for Intervenor-Defendants' combined answering briefs and briefs in support of their cross-appeals.

Dated: June 18, 2026

Respectfully submitted,

Skye L. Perryman
Carrie Y. Flaxman
Lisa Newman
DEMOCRACY FORWARD
    FOUNDATION
P.O. Box 34553
Washington, D.C. 20043
Tel: (202) 448-9090
sperryman@democracyforward.org
cflaxman@democracyforward.org
lnewman@democracyforward.org

/s/ *John P. Elwood*
John P. Elwood
Daphne O'Connor
Robert J. Katerberg
ARNOLD & PORTER
  KAYE SCHOLER LLP
601 Massachusetts Ave., N.W.
Washington, D.C. 20001
Tel: (202) 942-5000
john.elwood@arnoldporter.com
daphne.oconnor@arnoldporter.com
robert.katerberg@arnoldporter.com

John Adcock
ADCOCK LAW LLC
Louisiana Bar No. 30372
8131 Oak Street, Ste. 100
New Orleans, LA 70118
Tel: (504) 233-3125
jnadcock@gmail.com

*Counsel for Intervenor-Defendant-
  Appellee and Cross-Appellant
  GenBioPro, Inc.*

**CERTIFICATE OF SERVICE**

This is to certify that the foregoing response has been served via the Court's ECF filing system in compliance with Rule 25(b) and (c) of the Federal Rules of Appellate Procedure, on June 18, 2026, on all registered counsel of record, and has been transmitted to the Clerk of the Court.

*/s/ John P. Elwood*
John P. Elwood

## CERTIFICATE OF COMPLIANCE

I hereby certify that this response complies with the requirements of Federal Rule of Appellate Procedure 27(d) because it has been prepared in 14-point Times New Roman, a proportionally spaced font. I further certify that this response complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2) because it contains 797 words, according to the count of Microsoft Word.

*/s/ John P. Elwood*
John P. Elwood